IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTO MERCADO,<br><br>           Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>           Defendant. | HONORABLE JOSEPH H. RODRIGUEZ<br><br>Civil Action<br>No. 17-4250 (JHR)<br><br>**OPINION** |

**I. INTRODUCTION**

In this action, Plaintiff Alberto Mercado (hereinafter, "Plaintiff") seeks review of the Commissioner of the Social Security Administration's (hereinafter, "Defendant" or "the Commissioner") denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("SSA"), pursuant to 42 U.S.C. § 405(g).

On September 15, 2015, Administrative Law Judge ("ALJ") Karen Shelton issued a 14-page opinion finding that Plaintiff was not disabled. The ALJ arrived at this decision after taking testimony from a vocational expert. She found that an individual with Plaintiff's age, education, work experience, and residual functional capacity ("RFC") could still perform a significant number of jobs existing in the national economy.

Plaintiff does not dispute the ALJ's interpretation of the medical record, nor does he dispute the ALJ's residual functional capacity determination. Rather, Plaintiff argues in this appeal that even though the ALJ attributed great weight to the opinions of state agency physicians that Plaintiff was limited to "sedentary" work, the ALJ used the term "light" work in her RFC finding. Plaintiff also argues that the ALJ incorrectly applied the agency's rules when a claimant's RFC falls between two exertional levels. For the reasons explained below, the Court will affirm the ALJ's decision denying Plaintiff's application for Social Security benefits.

**II. STEPS FOR DETERMINIG DISABILITY**

To be eligible for disability insurance benefits, a claimant must have a "medically determinable physical or mental impairment" that prevents him from engaging in any "substantial gainful activity" for a continuous twelve-month period. 42 U.S.C. § 1382c(a)(3)(A); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). A claimant lacks the ability to engage in any substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B); Plummer, 186 F.3d at 427-28.

2

The Commissioner reviews disability claims in accordance with a five-step process set forth in 20 C.F.R. § 404.1520. In step one, the Commissioner must determine whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 1520(b). If the answer is yes, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). In step two, the Commissioner must determine whether the claimant is suffering from a "severe impairment," defined as an impairment "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 1520(c). A claimant who cannot claim a "severe" impairment is ineligible for benefits. Plummer, 186 F.3d at 428.

Step three requires the Commissioner to compare the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful activity. 20 C.F.R. § 1520(d). If a claimant suffers from a listed impairment or its equivalent, she is approved for disability benefits and the analysis stops. If she does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five to determine whether the she retains the ability to engage in substantial gainful activity. Plummer, 186 F.3d at 428.

The Commissioner conducts a residual functional capacity ("RFC") assessment at steps four and five. The RFC assessment

considers all of the claimant's medically determinable impairments and determines the most the claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1)-(2). The RFC is expressed in terms of physical exertional levels of sedentary, light, medium, heavy, or very heavy work. 20 C.F.R. § 416.967 (2002). Based on the claimant's RFC, the Commissioner determines, at step four, whether the claimant can perform the physical exertion requirements of his past relevant work. 20 C.F.R. § 404.1520(f). If he is unable to resume his former occupation, the Commissioner will then proceed to the final step and decide whether the claimant is capable of performing other work existing in significant numbers in the national economy, taking into account her RFC and vocational factors such as age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In the final step, relevant to this case, the ALJ relies on the Medical-Vocational Guidelines ("Guidelines" or "Grids") set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2, which establish the types and number of jobs that exist in the national economy for claimants with certain exertional impairments. The Guidelines "consist of a matrix of four factors – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in

4

the national economy." Sykes v. Apfel, 228 F.3d 259, 273 (3d Cir. 2000).

When a claimant's combination of factors correspond with the same combination of factors in the Grid, the Grid will direct a conclusion as to disability, which the ALJ must follow. Id.; see also Hall v. Comm'r of Soc. Sec., 218 F. App'x 212, 216 (3d Cir. 2007) ("When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach.") (emphasis in original). However, where a claimant's specific profile is not listed in the Grid, such as when the claimant has certain limitations to their exertional capacity and can perform something in between two exertional ranges of work, the Grid does not mandate a specific finding, and may only be used as a framework to guide the disability decision. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such cases, the ALJ must support his determination by relying on vocational testimony or similar evidence to decide whether a significant number of jobs exist for a particular claimant given his specific background and exertional limitations. See Sykes, 228 F.3d at 264; Hall, 218 F. App'x at 217. If, after considering all the evidence, the answer is no, a finding of "disabled" is required. However, if the Commissioner determines that jobs exist in significant numbers in the national economy for a particular claimant, the

Commissioner will find the claimant "not disabled." See Sykes, 228 F.3d at 273.

**III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI benefits on July 2, 2012, asserting disability since December 1, 2011. (Tr. 235-48.) Having been born in May of 1964, (Tr. 53), Plaintiff was 47 years old when he allegedly became disabled, a "younger person" under the Commissioner's regulations, but became a person "closely approaching advanced age" by the date of the ALJ's decision, (Tr. 39, 119.) *See* 20 C.F.R. §§ 404.1563(c), (d), 416.963(c), (d). He has a ninth-grade education, which the ALJ classified as "limited" (Tr. 38, 58.) Due to his impairments, Plaintiff cannot perform his semi-skilled past, relevant work ("PRW") (Tr. 37.) He had no skill transferability from his past jobs (Tr. 106.)

Plaintiff suffers, in pertinent part, from the following "severe" impairments, as found by the ALJ: asthma, obstructive sleep apnea, degenerative disc disease, obesity, and depressive disorder (Tr. 28.) Based on a review of Plaintiff's medical history in connection with his initial application, two State Agency physicians opined as to Plaintiff's physical capabilities. In March 2013, Martin Sheehy, M.D., opined, in pertinent part, that Plaintiff could lift ten pounds frequently, twenty pounds occasionally, stand/walk for up to four hours and

sit for six hours in an eight-hour work day (Tr. 125.) He further opined that Plaintiff had the maximum sustained work capability for sedentary work (Tr. 127.) Similarly, Jose Acuna, M.D., opined in August of 2013 that Plaintiff had the same limitations (Tr. 150.) He also characterized this functional capacity to be at the sedentary exertional level. (Tr. 153.)

After his claims were denied at the administrative levels, (Tr. 119-76), Plaintiff and a vocational expert (VE) appeared and testified before an ALJ at a hearing on July 27, 2015. (Tr. 45-114.) At the administrative hearing, Plaintiff's counsel stated that she had no objections to the VE's ability to testify based on her qualifications (Tr. 101.) The ALJ asked the VE to assume a person of Plaintiff's age, education, and work experience, who could lift and carry twenty pounds occasionally and ten pounds frequently, stand/walk four hours, and sit six hours, and would require the option to change positions in an eight-hour workday (Tr. 107.) The VE testified that such a person could not perform Plaintiff's past relevant work, but that there were three limited light jobs in the national economy that Plaintiff could perform – accessories assembler, laundry worker, and weigher. (Tr. 107-08.) The VE testified that her testimony was consistent with the *Dictionary of Occupational Titles*, except for her opinion regarding the option to change

positions, which was based on her education and experience observing the jobs and placing people in the jobs. (Tr. 108-09.)

On September 15, 2015, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 26-39.) The ALJ evaluated Plaintiff's case under the five-step sequential evaluation process set forth in the regulations. (Tr. 18-29.) *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ considered, in sequence, whether Plaintiff: (1) was working, (2) had a severe impairment, (3) had an impairment that meets or medically equals the severity of a listed impairment, (4) could return to his past relevant work, and (5) if not, whether he could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that in an eight-hour workday, Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand/walk four hours, and sit six hours, and would require the option to change positions; she further limited Plaintiff to performing simple instructions and simple work decisions. (Tr. 31-32.) Accordingly, in reaching her conclusion, the ALJ gave the State Agency physicians' opinions limiting him to a "sedentary" exertional capacity "great weight." (Tr. 36.) However, the ALJ concluded that Plaintiff retained the RFC to perform a limited range of "light" work. (Tr. 31.) The ALJ also characterized this RFC as being "between exertional range[s]."

(Tr. 106.) At step four, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 37.) At step five, after considering Plaintiff's age, education, work experience, and RFC, and relying on the VE's impartial testimony, the ALJ determined that Plaintiff could perform three light unskilled jobs in the national economy and was, thus, not disabled. (Tr. 38-39, 106-08.) *See* Dictionary of Occupational Titles, (Dep't. of Labor, 4th ed., 1991) ## 222.387-074, 729.687-010, 302.685-010.

Plaintiff sought review from the Appeals Council, which denied Plaintiff's request for review without substantive analysis. (Tr. 2-7.) Having exhausted his administrative remedies, Plaintiff brought this civil action under 42 U.S.C. § 405(g) and as incorporated by 42 U.S.C. § 1383(c)(3). Plaintiff presents three issues in this appeal, which he characterizes as:

> (1) Whether the Administrative Law Judge (ALJ) committed reversible legal error when she attributed great weight to the State Agency's physicians' opinions that Plaintiff was limited to sedentary work, but mistakenly characterized their RFC assessments as "light" and relied on this mistake for her own RFC and dispositive finding that he could perform light work, despite his significant standing and walking limitations.
>
> (2) Whether the ALJ erred when she admitted that Plaintiff's RFC fell between two exertional rules, yet failed to explain why she relied on the light medical-vocational rules rather than the sedentary one, in violation of binding agency policy, particularly since Plaintiff is deemed disabled as of age 50 if he is limited to sedentary work.

(3) Whether the ALJ further erred when she failed to consider the erosion of the occupational base before adducing vocational expert (VE) testimony in further violation of Agency policy. At a minimum, because Plaintiff's RFC fell between two exertional levels the ALJ had a duty under Agency policy to discuss and address such erosion of the light occupational base and, in failing to do so, did not meet the Agency's burden at Step 5 of the sequential evaluation process.

**IV. STANDARD OF REVIEW**

The Court has jurisdiction to review the final decision pursuant to 42 U.S.C. § 405(g). When reviewing the denial of disability benefits, the Court must determine whether substantial evidence supports the denial. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008). The requirement of substantial evidence, however, constitutes a deferential standard of review, see Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004), and does not require "a large or [even] considerable amount of evidence." Pierce v. Underwood, 487 U.S. 552, 564 (1988). Rather, substantial evidence requires "more than a mere scintilla[,]" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999), but generally less than a preponderance. See Jones, 364 F.3d at 503. Consequently, substantial evidence supports the Commissioner's determination where a "reasonable mind might accept the relevant evidence as adequate" to support the conclusion reached by the Commissioner. Monsour Med. Ctr. v.

Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In order to facilitate this Court's review, the ALJ must set out a specific factual basis for each finding. See Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). Additionally, the ALJ "must adequately explain in the record [the] reasons for rejecting or discrediting competent evidence," Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)), and must review all pertinent medical and nonmedical evidence "and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). However, the ALJ need not discuss "every tidbit of evidence included in the record." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). Rather, the ALJ must set forth sufficient findings to satisfy the reviewing court that the ALJ arrived at a decision through application of the proper legal standards, and upon a complete review of the relevant factual record. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983).

**V. THE ALJ DID NOT ERR IN FINDING THAT PLAINTIFF WAS NOT DISABLED**

There is no dispute that, because of his age, limited education, and unskilled work experience, Plaintiff is disabled if he has the physical ability to do only sedentary work. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(g) ("Individuals

approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals . . . can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains."). Nor is there a dispute that Plaintiff is not disabled if he can perform the full range of light work. See id. § 202.00.

Plaintiff argues, however, that his RFC fell in between the categories for light and sedentary work and that the ALJ was wrong not to classify Plaintiff at the lower rule for sedentary occupations. Plaintiff argues first that the ALJ committed reversible legal error when she attributed great weight to the State Agency's physicians' opinions that Plaintiff was limited to "sedentary" work, but mistakenly characterized their RFC assessments as "light" and relied on this mistake for her own RFC and dispositive finding that he could perform light work, despite his significant standing and walking limitations. Although the state agency RFC findings used the word "sedentary," the specific findings indicated the same capacity for the limited range of light work that the ALJ found. (Tr. 31, 135, 137, 164-65, 167.)

According to the Social Security Administration, the physical exertion requirements of light work

> involve[] lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to
> 10 pounds. . . . [A] job is in this category when it
> requires a good deal of walking or standing, or when it
> involves sitting most of the time with some pushing and
> pulling of arm or leg controls.

20 C.F.R. § 404.1567(b). Social Security Rule ("SSR")[1] 83-10 further explains that the full range of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6; see also Jesurum v. Sec'y of Dep't of Health & Human Servs., 48 F.3d 114, 119 (3d Cir. 1995). In contrast, the lower category of sedentary work is defined as

> [L]ifting no more than 10 pounds at a time and
> occasionally lifting or carrying articles like docket
> files, ledgers, and small tools. Although a sedentary
> job is defined as one which involves sitting, a certain
> amount of walking and standing is often necessary in
> carrying out job duties. Jobs are sedentary if walking
> and standing are required occasionally and other
> sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The ALJ's RFC lifting and carrying, standing/walking, and sitting limitations were the same as those of the State Agency's physicians: in an eight-hour workday, Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand/walk four hours, and sit six hours, and would require the

---

[1] Social Security Rulings are binding on "all components of the Social Security Administration." See 20 C.F.R. § 402.35(b)(1).

13

option to change positions; the ALJ further limited Plaintiff to performing simple instructions and simple work decisions. (Tr. 31-32, 135, 164-65.) This is closer to what is required to perform light work, rather than sedentary work. See, e.g., Elliot v. Comm'r of Soc. Sec., 295 Fed. App'x 507, 508 (3d Cir. 2008) (affirming ALJ's finding that claimant had the RFC to perform light work with modifications even though claimant was limited to walking and standing for two hours our of an eight-hour workday).

Next, Plaintiff argues that the ALJ erred when she admitted that Plaintiff's RFC fell between two exertional rules, yet failed to explain why she relied on the light medical-vocational rules rather than the sedentary one, particularly since Plaintiff is deemed disabled as of age 50 if he is limited to sedentary work. SSR 83-12 provides guidance for situations where a claimant's exertional capacity falls in between two categories, such as when a claimant can perform less than the full range of light work but more than the full range of sedentary work. See SSR 83-12, Pertinent History, 1983 WL 31253, at *1 (explaining that SSR 83-12 provides guidance in instances when "an individual's exertional RFC does not coincide with the exertional criteria of any one of the exertional ranges, i.e., sedentary, light, and medium," for example when "an individual

can do a little more or less than the exertion specified for a particular range of work.").

In particular, SSR 83-12(2) provides specific guidance for when a claimant's exertional level "falls between two [Grid] rules which direct opposite conclusions" as to disability, as is the case here. SSR 83-12(2), 1983 WL 31253, at *2. For an individual of Plaintiff's work, age, and education, the Grids direct a finding of "disabled" at the sedentary exertional level, and direct a finding of "not disabled" at the light exertional level. See 202 C.F.R. Pt. 404 Subpt. P, App. 2, §§ 201.12-13. According to SSR 83-12(2), an exertional capacity "that is only <u>slightly</u> <u>reduced</u> in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of 'Not disabled.'" However, "if the exertional capacity is <u>significantly</u> <u>reduced</u> . . ., it could indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled.'" SSR 83-12(2) (emphasis added), 1983 WL 31253, at *2. See also <u>Young v. Astrue</u>, 519 F. App'x 769, 771 (3d Cir. 2013) (upholding ALJ's conclusion that claimant who was limited to no more than two hours of standing or walking had capacity to perform a limited range of light work). If the claimant's exertional limitations fall "somewhere 'in the middle,'" the Commissioner must make "more difficult judgments"

15

as to the sufficiency of the remaining occupational base, and it is "advisable" to consult a vocational expert. Id. at *3.

This dovetails into Plaintiff's final argument, that the ALJ further erred when she failed to consider the erosion of the occupational base before adducing vocational expert testimony. SSR 83-12 directs that if the claimant's residual functional capacity does not coincide with any of the established categories, the ALJ "will consider the extent of any erosion of the occupational base and [assess] its significance." SSR 83-12, 1983 WL 31253, at *2. Under SSR 83-12, when a claimant falls between two exertional categories, the ALJ may not rely exclusively on the Guidelines to determine whether the claimant is capable of performing other work existing in significant numbers in the national economy. Instead, the ALJ must examine Plaintiff's limitations closely, relying on the assistance of a vocational expert and the guidance articulated in SSR 83-12 to determine whether those limitations would effectively preclude him from most jobs in the higher exertional category. To support a finding of not disabled, there must be evidence that "other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's] residual functional capacity and vocational factors." 20 C.F.R. § 404.1560(c)(2).

"Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b). The Third Circuit has emphasized that "[t]he regulations specifically require a finding of a significant number of *jobs*, and do not require the existence of multiple occupations." Henderson, 87 Fed. App'x at 253 (emphasis in original). "It does not matter whether . . . [w]ork exists in the immediate area in which you live" or that "[a] specific job vacancy exists for you." Rather, "work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country." 20 C.F.R. § 416.966(a); see also Dickerson v. Colvin, No. 12-5585, 2014 WL 562981, at *10 (D.N.J. Feb. 11, 2014) ("'There is no requirement that there are potential jobs available in the immediate area where plaintiff lives, as long as there are jobs available nationally and are not all concentrated in one region.'" (quoting Wafford v. Comm'r of Soc. Sec., No. 09-805, 2010 WL 5421303, at *5 (S.D. Ohio Aug. 19, 2010))). In other words, a claimant is not disabled if he is capable of performing only one occupation, and there are a "significant number" of jobs within that occupation in the national economy. See Colon v. Comm'r of Soc. Sec., 2004 WL

1144059, at *9 (N.D.N.Y. Mar. 22, 2004) ("The availability of only one sedentary occupation . . . although an indicium that [claimant']s full range was significantly eroded, did not mandate a finding that she was disabled," and such a finding "would be in contravention of clear statutory language requiring that a claimant be unable to engage in *any* kind of gainful employment, available nationally *or* regionally.").

The Court finds no error was committed by the ALJ in concluding, based on the VE's testimony, that Plaintiff was not disabled because the range of jobs he could perform was not significantly diminished. Because the ALJ concluded that Plaintiff fell somewhere "in the middle" of two exertional categories, the ALJ correctly sought testimony from a VE to determine how Plaintiff's impairments impact the occupational base. See SSR 83-12(2)(c); Martin v. Barnhart, 240 Fed. App'x 941, 945 (3d Cir. 2007) ("[I]n the more difficult situation, where a claimant's impairments are 'somewhere in the middle,' testimony of a VE is recommended."). The ALJ also followed SSR 83-12 and Program Operations Manual System ("POMS") DI 25025.015D: she procured the live testimony of the VE to assist her, asked what jobs would be compatible with the specific limitations she assessed, and explained her ruling in the decision. (Tr. 38-39, 107-09.)

In her decision, the ALJ explained that if a claimant can perform all or substantially all of the exertional demands at a particular level of exertion, the grids direct a conclusion of disabled or not disabled. (Tr. 38.) To determine the extent to which the additional limitations eroded the light occupational base, the ALJ explained in her decision that she asked the VE about the jobs existing in the national economy for an individual with Plaintiff's limitations. (Tr. 38.) As the ALJ noted, the VE identified accessories assembler, laundry worker, and weigher in response. (Tr. 38, 108.) The ALJ also identified the VE's opinion regarding the option to shift positions, which was based on the VE's education and professional experience. (Tr. 38-39, 108-09.) The ALJ concluded that, based on the VE's testimony, a finding of "not disabled" was appropriate under the grids. (Tr. 39.) She did not err in finding Plaintiff not disabled in reliance on the expert's input.

## VI. CONCLUSION

For these reasons, the Court finds that substantial evidence supports the ALJ's decision to deny Plaintiff benefits, and that the decision should be affirmed. An accompanying Order will be entered.

November 7, 2018  /s/ Joseph H. Rodriguez
Date                              JOSEPH H. RODRIGUEZ
                                         U.S.D.J.